EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>  Rafael A. Oliveras López de Victoria | 2001 TSPR 75 |

Número del Caso: TS-4276


Fecha: 16/mayo/2001


Oficina de Inspección de Notarías:

                              Lcda. Carmen H. Carlos
                              Directora

Abogada de la Parte Querellada:

                              Lcda. Sheila A. Acevedo Álvarez


         Este documento constituye un documento oficial del Tribunal Supremo que está
         sujeto a los cambios y correcciones del proceso de compilación y publicación
         oficial de las decisiones del Tribunal. Su distribución electrónica se hace
         como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael A. Oliveras
López de Victoria                    TS-4276

PER CURIAM

San Juan, Puerto Rico, a 16 de mayo de 2001.

El 13 de diciembre de 2000, la Directora de la Oficina de Inspección de Notarías (ODIN) presentó ante nos un informe en relación al caso de autos, mediante el cual reiteró los señalamientos esenciales que había formulado en un informe anterior, fechado 29 de diciembre de 1999.

Conforme al informe más reciente, los protocolos del notario Rafael A. Oliveras relativos a los seis (6) años que abarcan dicho informe, de 1991 a 1996, estuvieron plagados de deficiencias notariales, algunas de las cuales aún subsisten y no pueden corregirse. Se señaló, además, en dicho informe que se cometieron faltas aun en el proceso de corrección de las deficiencias referidas.

Con arreglo a su examen de los protocolos en cuestión, la Directora de ODIN concluyó lo siguiente:

Primero, que la práctica notarial del Lic. Rafael Oliveras a través de los años había sido "descuidada en extremo, desprovista de la diligencia que exige la investidura notarial."

Segundo, que el notario Oliveras había cometido "faltas graves que implican la anulabilidad de instrumentos públicos"; y que había demostrado "un desconocimiento de nociones básicas de la ley notarial."

Luego de **tres prórrogas**, el notario Oliveras al fin compareció ante nos, **aunque tardíamente**, para reaccionar al referido informe de la Directora de ODIN. En su escrito, el notario Oliveras aduce que la mayoría de las deficiencias notariales señaladas por la Directora de ODIN en su informe son "unas que pudiesen catalogarse como menos graves", que incluyen errores tales como faltas de notas al margen, falta de una firma del notario, falta de una contrareferencia, y la expresión de un dato equivocado, todos los cuales supuestamente fueron subsanados posteriormente.

El notario Oliveras aduce, además, que cuatro (4) de las deficiencias notariales señaladas por la Directora de ODIN constituyen "errores que podrían calificarse como mayores", tales como la omisión de las iniciales de los otorgantes, la omisión de las iniciales de unos testigos, y la expresión falsa sobre la hora de otorgamiento de una escritura. Sobre estos "errores mayores", algunos insubsanables, el notario Oliveras alega que ocurrieron por la presión de trabajo que tenía, y por determinados problemas personales que el notario sufrió.

Finalmente, en su escrito ante nos el notario Oliveras solicita nuestra indulgencia y benevolencia, y nos pide que si la situación de autos amerita alguna sanción, "que la misma sea de carácter mínimo."

II

Es menester señalar que no es la de autos la primera vez que este Tribunal atiende querellas sobre la conducta notarial del Lic. Rafael A. Oliveras. Así pues, el 14 de septiembre de 1989, frente a otro informe del Director de ODIN indicando que se habían subsanado la mayoría pero no todas las deficiencias de los protocolos de los años 1985, 1986 y 1987, apercibimos al notario Oliveras que en el futuro debía dar estricto cumplimiento a las disposiciones de la Ley Notarial.

Asimismo, mediante Resoluciones de 19 de junio de 1986, de 4 de junio de 1993, y de 23 de agosto de 1996, le impusimos al notario Oliveras sanciones de $50, $100 y $150 respectivamente, por distintos incumplimientos con sus deberes notariales.

Finalmente, en varios años el notario Oliveras ha tenido al descubierto el pago de su fianza notarial, por lo que ha sido objeto de las acciones correspondientes de parte del Colegio de Abogados de Puerto Rico.

III

No son satisfactorias ni adecuadas las razones alegadas por el Lic. Rafael A. Oliveras para justificar su reiterado incumplimiento con los deberes notariales. Como él mismo acepta, algunas de las deficiencias de su obra notarial que aquí nos concierne constituyen **faltas graves** que no pueden excusarse con alegaciones sobre "presiones de trabajo" o de problemas personales. Como hemos señalado antes, la importante función pública del notario exige que éste acate fiel e inteligentemente los requisitos y formalidades que le impone la Ley y el Reglamento Notarial. Sucn. Santos v. Registrador, 108 D.P.R. 831 (1979). Los fundamentales deberes notariales no pueden incumplirse por excusas como las que ha presentado el notario Oliveras aquí, sobre todo después de haber sido apercibido antes de su responsabilidad de observar dichos deberes rigurosamente. Por ello, amerita ser disciplinado por las faltas cometidas en cuestión.

IV

Por los fundamentos expuestos, se ordena la suspensión inmediata del Lic. Rafael A. Oliveras López de Victoria del ejercicio de la notaría por el término de un año y hasta que este Tribunal otra cosa disponga.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

El Tribunal, además, le impone al Lic. Rafael A. Oliveras López de Victoria el deber de notificar a todos sus clientes de su presente inhabilidad como notario y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. Deberá certificarnos en treinta (30) días contados a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rafael A. Oliveras
López de Victoria                    TS-4276

SENTENCIA

San Juan, Puerto Rico, a 16 de mayo de 2001.

Por las razones expuestas en la Per Curiam que antecede, la cual se hace formar parte de la presente, se ordena la suspensión inmediata del Lic. Rafael A. Oliveras López de Victoria del ejercicio de la notaría por el término de un año y hasta que este Tribunal otra cosa disponga.

El Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregar la misma a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

El Tribunal, además, le impone al Lic. Rafael A. Oliveras López de Victoria el deber de notificar a todos sus clientes de su presente inhabilidad como notario y le ordena devolver cualesquiera honorarios recibidos por trabajos no realizados. Deberá certificarnos en treinta (30) días contados a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo